UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY JEROME HAMILTON,

        Petitioner,

v.                                            CASE NO. 07-15391
                                                   HON. STEPHEN J. MURPHY, III

MARY BERGHUIS,

        Respondent.
_____/

### OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE HABEAS CORPUS PETITION WITH PREJUDICE, AND GRANTING A CERTIFICATE OF APPEALABILITY

Petitioner Jeffrey Jerome Hamilton has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Also pending before the Court is Respondent's motion to dismiss the habeas petition. The Court agrees with Respondent that Petitioner's claims are barred by the statute of limitations. Accordingly, Respondent's motion will be granted and the habeas petition will be dismissed as time-barred.

**I. Background**

Petitioner was charged in Wayne County, Michigan with first-degree murder, assault with intent to commit murder, and two counts of possession of a firearm during the commission of a felony (felony firearm). On November 25, 1996, Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750. 317, and one count of felony firearm, MICH. COMP. LAWS § 750.227b. The prosecutor apparently dismissed the other charges, and on December 16, 1996, the trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of forty to sixty years for the murder

conviction. Petitioner did not pursue a direct appeal from his convictions, and his convictions became final on December 16, 1997, one year after he was sentenced. *See* MCR 7.205(F)(3)(a) (stating that leave to appeal may not be granted if an application is filed more than twelve months after the entry of a final judgment).

On May 10, 2006, Petitioner filed a motion for relief from judgment. The trial court denied his motion, and the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. Hamilton*, No. 227936 (Mich. Ct. App. July 19, 2007) (unpublished). On November 29, 2007, the Michigan Supreme Court denied leave to appeal on the ground that Petitioner failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). *See People v. Hamilton*, 480 Mich. 954; 741 N.W.2d 326 (2007).

Petitioner signed and dated his habeas corpus petition on December 14, 2007. The issues articulated by Petitioner are:

> I. Does the Due Process Clause of the Fourteenth Amendment of the United States Constitution require that a petitioner be allowed to withdraw his plea, because competency is an ongoing concern, where there were strong indicators that the petitioner was not competent to plead guilty at the time of the plea and where trial counsel was ineffective for failing to contest the forensic evaluation before recommending that Petitioner plead guilty.
>
> II. Is the petitioner entitled to withdraw his plea, where trial counsel was ineffective under the VI and XIV Amendments of the U.S. Constitution where trial counsel failed to explain the full range of options to the petitioner - including insanity, diminished capacity, and any lesser-included offenses, prior to pleading guilty to the two offenses when such defenses were viable and the plea was not made voluntarily, knowingly and understandingly due to trial counsel's ineffectiveness?

Respondent maintains that substantive review of these claims is barred by the one-year

statute of limitations.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitation period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A. 28 U.S.C. §§ 2244(d)(1)(A) and (D)

Because Petitioner is not relying on newly discovered facts (28 U.S.C. § 2244(d)(1)(D)), his conviction became final under 28 U.S.C. § 2244(d)(1)(A) when the availability of a direct appeal to the state courts and to the United States Supreme Court had been exhausted. *Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009). Petitioner did not pursue a direct appeal from his convictions. Therefore, his convictions became final on December 16, 1997, when the one-year deadline expired for filing an appeal in the Michigan Court of Appeals. *See Wheeler v. Jones*, 226 F.3d 656, 659-60 (6th Cir. 2000) (noting that the petitioner's conviction became final when his ability to file a direct appeal

expired); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (stating that the statute of limitations began to run when the deadline for seeking review in the Michigan Supreme Court expired and the petitioner's direct appeal came to an end). The statute of limitations began to run on December 17, 1997, and it expired one year thereafter on December 16, 1998. Petitioner filed his habeas corpus petition nine years later. The habeas petition is, therefore, untimely unless the statute of limitations was tolled or the limitation period was delayed.

### B. <ins>Statutory Tolling</ins>

The limitation period is tolled while a properly filed post-conviction motion is pending in state court. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A post-conviction motion filed in state court tolls, but does not restart, the one-year statute of limitations. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Although Petitioner filed a motion for relief from judgment in the trial court, he did not file it until May 10, 2006. By then, the limitation period had already run. Thus, the motion did not affect the statute of limitations. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002) (unpublished opinion citing *Bennett v. Artuz*, 199 F.3d 116, 122 (2d Cir. 1999)).

### C. <ins>Delayed Start under 28 U.S.C. § 2244(d)(1)(B)</ins>

Petitioner appears to argue in favor of a delayed start to the limitation period pursuant to 28 U.S.C. § 2244(d)(1)(B). He contends that the State of Michigan created an impediment to filing a timely direct appeal from his convictions by denying him the assistance of appellate counsel. Petitioner claims that the impediment was not removed

until 2005, when the Supreme Court issued its decision in *Halbert v. Michigan*, 545 U.S. 605 (2005), and the trial court appointed counsel to represent him on appeal. The Supreme Court held in *Halbert* that "the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." *Id*. at 610. Prior to the Supreme Court's decision in *Halbert*, indigent defendants, who were convicted by plea in Michigan, were not appointed counsel to assist them with their appeals. *See id*. at 609.

Even if the trial court's initial failure to appoint appellate counsel interfered with Petitioner's ability to appeal his convictions, Petitioner has not explained how the alleged constitutional error prevented him from filing his federal habeas corpus petition. *Cf. Miller v. Cason*, 49 Fed. Appx. at 497 (explaining that the failure to notify the petitioner of his appellate rights and the failure to timely appoint counsel to perfect a belated appeal may have interfered with his direct appeal in state court, but failed to explain how those omissions prevented him from filing his federal habeas petition). Petitioner had no constitutional right to the assistance of counsel on a collateral review of his conviction. *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005). Therefore, his *Halbert* argument "offers no basis for sidestepping the one-year bar." *Inglesias v. Davis*, No. 07-1166, 2009 WL 87574, at *1 (6th Cir. Jan. 12, 2009) (unpublished opinion).

### D.  Delayed Start under 28 U.S.C. § 2244(d)(1)(C)

The Court could construe Petitioner's allegations to assert that *Halbert* provided a new constitutional right to appointment of counsel in cases like his and, therefore, the statute of limitations did not begin to run until the Supreme Court published its decision in *Halbert*. The habeas statute of limitations can run from the date on which the Supreme

5

Court first recognizes a constitutional right, but only if the Supreme Court holds that the right applies retroactively on collateral review. 28 U.S.C. § 2244(d)(1)(C). The Supreme Court has not held that *Halbert* applies retroactively to cases on collateral review, and the United States Court of Appeals for the Sixth Circuit has explicitly held that it is not retroactive. *See Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008). For this additional reason, the Supreme Court's decision in *Halbert* is not a basis for a delayed start to the limitation period.

### E. Equitable Tolling

In appropriate circumstances, equitable tolling applies to the one-year limitations period for habeas petition. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). However, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). When deciding whether equitable tolling is appropriate, the Court considers and balances the factors set out in *Andrew v. Orr*, 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009. The Andrews factors are:

> (1) lack of actual notice of [the] filing requirement; (2) lack of constructive knowledge of [the] filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrews*, 851 F.2d at 151. "These factors . . . are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation

omitted). The doctrine of equitable tolling is applied sparingly by federal courts. *Vroman v. Brigano,* 346 F. 3d 598, 604 (6th Cir 2003). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* Quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F. 3d 552, 561 (6th Cir 2000).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged that he lacked notice or constructive knowledge of the filing requirement.  Petitioner has also failed to show that he was diligent in pursuing his rights as he did not pursue any post-conviction remedies for his 1996 convictions until 2007.

### 1.  *Pro Se* Status

Petitioner contends that he was intimidated by the procedures, that he lacked basic literacy skills, and that he was unable to review the record, research the issues, or prepare a brief.  Neither Petitioner's *pro se* representation, nor his procedural ignorance, excuse the prolonged inattention to his case. *Johnson v. United States* 544 U.S. 295, 311 (2005). Ignorance of the law simply is not a sufficient basis for equitable tolling.  *Allen v. Yukins*, 366 F.3d at 403 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).  Although Petitioner apparently dropped out of school in the eighth grade, his poor education and even illiteracy are not a sufficient basis for tolling the statute of limitations. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

### 2.  Physical Impairment

Petitioner contends that he suffered from physical impairments at the time.  The

record indicates that Petitioner became paralyzed on his left side as a result of shooting himself during the commission of the crimes for which he was convicted. As of April 18, 1996, when he was evaluated for criminal responsibility, the gross motor movement in the right side of his body were slightly impaired, but he was able to complete a self-administered questionnaire. His visual, auditory, and tactile sensory functions appeared to be intact, and his verbal skills were adequate. He informed the investigator who prepared his pre-sentence investigation report that he was in good physical health. Nothing in the record indicates that Petitioner's physical condition was so debilitating that he could not pursue post-conviction remedies.

### 3. Mental Impairment

Petitioner states that he also suffered from a mental impairment. Although the mental incapacity of a petitioner can warrant equitable tolling of the statute of limitations, *Nowak v. Yukins,* 46 Fed. Appx. 257, 259 (6th Cir 2002) (unpublished), "there is no absolute rule that would require tolling whenever there is mental disability." *Lopez v. Citibank, N.A.*, 808 F.2d 905, 906 (1st Cir. 1987). A long line of federal cases counsel against an absolute rule of tolling on insanity grounds and argue in favor of a case-specific analysis. *Id.* at 906-07. In other words, "mental incompetence is not a *per se* reason to toll a statute of limitations." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001) (internal citation omitted) *overruled in part on other grounds by Carey v. Saffold,* 536 U.S. 214 (2002). Rather, the Petitioner must demonstrate that the alleged mental incompetence affected the petitioner's ability to file a timely habeas petition. *Nowak v. Yukins,* 46 Fed. Appx. at 259 (citing *Nara v. Frank*, 264 F.3d at 320).

Petitioner has failed to make a threshold showing of incompetence that sufficiently

demonstrates that the alleged incompetence affected his ability to file a timely habeas petition. Attachments to the habeas petition indicate that Petitioner was examined three times for criminal responsibility or diminished capacity. On April 18, 1996, a senior clinical psychologist for the Recorder's Court Psychiatric Clinic wrote that Petitioner's thought processes were clear and coherent and there was no formal thought disorder or indication that he suffered from a significant psychiatric disorder. The psychologist concluded that Petitioner was not mentally ill or mentally retarded, as defined by statute, at the time of the offense.

On August 16, 1996, an independent licensed psychologist stated that Petitioner exhibited no symptoms of an active thought disorder and that his low borderline range of adult intelligence, with an IQ of 76, was not reflective of mental retardation, but did reflect occupational and social under-achievement. The psychologist opined that Petitioner suffered diminished capacity at the time of the offense due to his inability to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law.

On November 14, 1996, a third psychologist stated that Petitioner was essentially illiterate, poorly educated, and had a limited fund of general information or common knowledge. Significantly, however, Petitioner demonstrated extensive knowledge of his legal situation, including the charges against him and the supporting allegations, his procedural rights and options, and the date of his upcoming trial. There were no signs of thought disorder and no evidence of delusional or unrealistic thoughts. His verbal IQ of 69, his performance IQ of 57, and his full scale IQ of 61 were described as being in the deficient or significantly impaired range. However, the psychologist opined that these scores likely reflected Petitioner's limited academic experience and that Petitioner was not

mentally retarded or suffering from psychosis, a major affective disorder, or dementia. Petitioner's general intellectual functioning did not appear to be significantly subaverage, and his knowledge of his current legal situation was not commensurate with significant impairment. The psychologist concluded that Petitioner was not mentally ill or mentally retarded at the time of the alleged offenses and that he did not appear to be have been legally insane or to have diminished capacity.

Petitioner informed the pre-sentence investigator that he had no mental or emotional problems, and the trial court determined in its order denying Petitioner's motion for relief from judgment that there was no basis for concluding that Petitioner had been incompetent to plead guilty. This Court does not believe that Petitioner's mental difficulties were so disabling as to prevent him from filing a timely habeas petition.

### III.  Conclusion

Petitioner has failed to show that he diligently pursued his rights and that some extraordinary circumstance stood in the way of filing a timely habeas corpus petition. Furthermore, the commencement of the statute of limitations was not delayed, and neither statutory tolling under 28 U.S.C. § 2244(d)(2), nor equitable tolling, is appropriate. Accordingly, Respondent's motion to dismiss (Doc. 10) is **GRANTED**, and the habeas petition (Doc. 1) is **DISMISSED** as time-barred.

Reasonable jurists could debate whether the Court's procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, a certificate of appealability may issue on both habeas claims. Petitioner may pursue an appeal from this decision without

prepayment of the filing fee because he was granted *in forma pauperis* status in the District Court and an appeal would be taken in good faith. Fed. R. App. P. 24(a)(3).

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated:  March 25, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 25, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager